IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NORTHRUP GRUMMAN SHIP
SYSTEMS, INC., Formerly known
as INGALLS SHIPBUILDING, INC.                                            PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 1:02cv785WJG-JMR

THE MINISTRY OF DEFENSE OF
THE REPUBLIC OF VENEZUELA,
and BANK OF NEW YORK                                         DEFENDANTS

O R D E R

THIS CAUSE comes before the Court on the following motions:

Plaintiff, Northrup Grumman Ship Systems, Inc., [Northrup Grumman] has filed a motion to correct or amend judgment [118-1], as well as its motion for leave to execute on judgment [120-1] and register judgment in other districts.

Defendant, The Ministry of Defense of the Republic of Venezuela [Venezuela], has filed a cross-motion for certification [125-1] under Federal Rule of Civil Procedure 54(b), and a motion to stay [128-1] proceedings.

Interveners, Richard Scruggs d/b/a The Scruggs Law Firm, P.A. and Podhurst Orseck, P.A. [Podhurst] firm has filed a motion for entry of judgment [122-1] and for fees [124-1].

The Court, upon careful review of the record in this matter as well as the above motions and accompanying memoranda, finds as follows.

Northrup Grumman seeks an amendment to the final judgment entered in this case on September 24, 2007, (Ct. R., Doc. 117), to include the specific amount of judgment against Venezuela in the settlement amount of $70,000,000, plus prejudgment interest of

$11,233,753.42. (Ct. R., Doc. 118, p. 1.) In addition, Northrup Grumman seeks postjudgment interest in accordance with 28 U.S.C. § 1961 running from September 24, 2007. (*Id*., p. 2.) Northrup Grumman also seeks an order allowing it to register the judgment against Venezuela in other districts and to allow it to execute judgment against funds held in trust by stakeholder Defendant, The Bank of New York Mellon Corporation. (Ct. R., Doc. 120, p. 1.)

The Interveners seek an entry of final judgment regarding a fee award to the Scruggs and Podhurst law firms. (Ct. R., Doc. 122.) The Scruggs firm also seeks an award of attorneys fees in the amount of $40,943,920.20, plus interest. (Ct. R., Doc. 124, p. 3.)

Venezuela filed a motion seeking entry of a final judgment and certification under Federal Rule of Civil Procedure 54(b) so that all issues can presented in one appeal. (Ct. R., Doc. 125, p. 2.) Venezuela indicates that its motions to dismiss, to vacate, to compel arbitration and to file supplemental memorandum were all denied in the September 24, 2007, memorandum opinion and order issued by the Court. (Ct. R., Doc. 125, p. 1.) Venezuela asserts that the amount of fees due to its former counsel was not decided in that ruling. (*Id*., p. 2.) In a separate motion, Venezuela seeks to stay all proceedings related to the Intervener-Plaintiffs' fee claims against it until resolution of the appeal currently pending before the Fifth Circuit Court of Appeals. (*Id*., p. 3.) In the responses filed to motions submitted by Northrup Grumman, Venezuela argues against an award of either pre- or postjudgment interest to Northrup Grumman. (Ct. R., Doc. 126, p. 3.)

The parties to this suit reached a settlement in the amount of $70,000,000, according to a letter dated September 12, 2005, to Carl Busch of Northrup Grumman from Richard Scruggs, confirming the settlement. (Ct. R., Doc. 79-2, p. 6.) Venezuela confirms that it would not oppose the entry of an amended judgment in a specific monetary amount to provide for an appealable judgment. (Ct. R., Doc. 125, p. 2, n.3.) Venezuela does not, however, waive its right to oppose the merits of the final judgment or the enforcement of the purported settlement

agreement. (*Id*.) Northrup Grumman filed a motion to amend the judgment to provide for a specific amount that can be collected and to provide for an award of pre- and postjudgment interest in this case. (Ct. R., Doc. 118, p. 1.) The Court finds that the final judgement entered in this case should be amended to reflect a settlement in the amount of $70,000, 000. The issue of the potential award of pre- or postjudgment interest on that amount will be addressed below.

Northrup Grumman seeks leave of Court to execute on the judgment. Federal Rule of Civil Procedure 62(d) provides that a party is entitled to an automatic stay of proceedings to enforce a judgment upon appeal when the party posts a *supersedeas* bond. *See Hebert v. Exxon Corp*., 953 F.2d 936, 938 (5th Cir. 1992). There is no evidence in this case that Venezuela posted a *supersedeas* bond on appeal. (Ct. R.) The amended order of dismissal in this case, however, provides that the injunction entered by the Court on November 8, 2002, restraining the Bank of New York from transferring any funds to the Defendants remains in effect until the settlement of this matter is fully consummated. (Ct. R., Doc. 66.) That ruling would include the conclusion of the appeal of this matter. The Court, therefore, finds that Northrup Grumman's motion for leave to execute on the judgment should be denied as moot.

In addition, the Court finds that the motion to enroll the judgment in other districts should be denied as premature. Under 28 U.S.C. § 1963, a judgment may be registered in any other district court when the judgment has become final by appeal. The judgment in this case is not final on appeal.

Northrup Grumman's request for prejudgment interest was included in the complaint filed in this case. (Ct. R., Doc. 1, p. 33.) In this case, there was a genuine dispute regarding the validity of the settlement and Venezuela's liability under that settlement. Fifth Circuit precedent is abundantly clear that this is a valid defense to a claim for prejudgment interest. *See Mecom v. Livingston Shipbuilding Co.*, 622 F.2d 1209, 1217 (5th Cir. 1980). The determination of whether prejudgment interest should be awarded requires a two-step analysis: does the federal act

creating the cause of action preclude an award of prejudgment interest, and if not, does an award of prejudgment interest further the congressional policies of the federal act. *Guidry v. Booker Drilling Co.*, 901 F.2d 485, 488 (5th Cir. 1990). In this case, there is no federal mandate for an award of prejudgment interest.

Northrup Grumman asserts that in cases such as these, state law is an appropriate source of guidance. Under Mississippi law, prejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made, however, no award of prejudgment interest may rationally be made where the principal amount has not been fixed prior to judgment. *Warwick v. Matheney*, 603 So.2d 330, 342 (Miss. 1992); *Stanton & Assoc., Inc. v. Bryant Const. Co.,* 464 So.2d 499, 504 (Miss. 1985). In this case, the amount of damages was not set at the time of the complaint in this matter. In addition, up until the time of the settlement, Northrup Grumman had access to fund from Bank of New York to draw on as repairs on the boats progressed. The Court finds that under these circumstances, the request for prejudgment interest should be denied.

Although the Court finds that Northrup Grumman's request for postjudgment interest under 28 U.S.C. § 1961 should be granted, the Court does not agree with Northrup Grumman's determination of the applicable date of judgment. It is disingenuous for Northrup Grumman to move for an amended judgment in this case to set a specific amount of damages and to further contend that postjudgment interest should be awarded as of the date of the first judgment in this case which did not specify an amount of damages. Accordingly, the Court finds that the motion for an award of postjudgment interest should be granted, as of the entry date of this order.

The Court directed the parties to proceed on the issue of possible attorneys fees for the Intervener-Plaintiffs according to the contract agreement. (Ct. R., Doc. 116, p. 10.) The fee provision calls for arbitration of the attorney fee award, if any dispute in the amount of fees arises between the parties. (Ct. R., Doc. 128-2, p. 6.) As indicated by the Court in its ruling, the

parties are to resolve the fee dispute as outlined in the contract.  Furthermore, in the Court's opinion, the issue of attorneys fees remains in doubt so long as the settlement issue is unresolved.  The Court, therefore, finds that the motion to stay the issue of attorneys fees should be granted, until such time as the resolution of the appeal in this matter.  In addition, the Court directs the parties to the attorneys fee issue to follow the terms of the contract in resolving the dispute, if any.

The Scruggs and Podhurst firms have filed a motion for entry of Final Judgment in their favor in the amount of $40,943,920.20, plus interest.  (Ct. R., Doc. 122, pp. 2-3.)  In addition, the Scruggs and Podhurst law firms, filed a motion for attorneys' fees in the amount of $40,943,920.20, plus interest.  (Ct. R., Doc. 124, p. 3.)  The Court has previously determined that the attorneys fees issue should stayed until resolution of the appeal in this matter.  Accordingly, the Court finds that the motion should be denied.

Finally, Venezuela filed a cross-motion for certification under Rule 54(b) of the Federal Rules of Civil Procedure.  (Ct. R., Doc. 125.)  Venezuela maintains that the issue of attorneys fees was not decided by the Court in the September 27, 2007, memorandum opinion and order.  (*Id*., p. 2.)  Federal Rule of Civil Procedure 54(b) provides as follows:

> When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.  In the absence of such determination and direction, any order or other form of decision . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

FED. R. CIV. P. 54(b).

The Court finds that Venezuela's motion for certification under Federal Rule of Civil Procedure should be granted.  The Court's rulings on Venezuela's motions to dismiss, to vacate,

to compel arbitration and to file a supplemental memorandum were final determinations of those matters that are immediately appealable.  The Court further concludes that the issue of attorneys fees cannot finally be concluded until a the resolution of the settlement dispute is final.  In addition, the parties have provided that resolution of any fee disputes should be accomplished according to the terms of the fee arrangement, which provides for arbitration of such disputes.  It is therefore,

ORDERED AND ADJUDGED that Northrup Grumman's motion to correct or amend a judgment [118-1] be, and is hereby, granted in part and denied in part.  It is further,

ORDERED AND ADJUDGED that the judgment dated September 24, 2007, be amended to reflect the settlement amount of $70,000,000.  It is further,

ORDERED AND ADJUDGED that Northrup Grumman's motion for prejudgment interest included in the motion to amend judgment be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that Northrup Grumman's motion for postjudgment interest included in the motion to amend judgment be, and is hereby, granted as of the entry date of this order.  It is further,

ORDERED AND ADJUDGED that the motion for leave to execute on the judgment [120-1] and to register the judgment in other jurisdictions be, and is hereby, denied as moot.  It is further,

ORDERED AND ADJUDGED that the motion for certification [125-1] be, and is hereby, granted.  It is further,

ORDERED AND ADJUDGED that the motion by the Interveners for entry of judgment [122-1] be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that the motion by the Interveners for fees [124-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the motion to stay [128-1] be, and is hereby, granted. It is further,

ORDERED AND ADJUDGED that the parties bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED, this the 8th day of February, 2008.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE