IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


NORTHROP GRUMMAN SHIP
SYSTEMS, INC., formerly known as
INGALLS SHIPBUILDING, INC.                                        PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:02cv785WJG-JMR

THE MINISTRY OF DEFENSE OF
THE REPUBLIC OF VENEZUELA,
and BANK OF NEW YORK                                            DEFENDANTS


O R D E R


THIS CAUSE comes before the Court on the motion *in limine* [173] of the Defendant,

The Ministry of Defense of the Republic of Venezuela [the Republic], to exclude the expert

witness testimony of Manuel A. Gomez regarding the Venezuelan judicial system.  (Ct. R., Doc.

173, pp. 1-3.)  The Republic asserts that Gomez's testimony should not be admitted in this case

because he fails to meet the criteria for admissibility, citing standards of the Federal Rules of

Evidence 401-402, 701, 702, and/or 801/802.  (Ct. R., Doc. 173, pp. 1-3.)  Additionally, the

Republic asserts that Gomez's testimony should not be admitted due to a purported conflict of

interest.  (Ct. R., Doc. 189, pp. 3- 4.)

The Republic argues that Gomez should not be allowed to testify in this case because his

methods do not meet the standards set forth in *Daubert v. Merrill Dow Pharmaceuticals*, 509

U.S. 579 (1993).  (Ct. R., Doc. 174, p. 30.)  According to the Republic, "[t]he issue *du jour* is

whether Northrop Grumman Ship Systems, Inc. [NGSS] must honor its contract, with arbitration

seated in Venezuela, and auxiliary or subsequent litigations, if any, similarly seated.  Under no view of the legal standards controlling these sequential and related issues is Prof. Gomez's proffered testimony relevant within Rules 401 and 402." (*Id*., pp. 30, 31).  Federal Rule of Evidence 401 states as follows:  "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  As the Republic points out, the location of arbitration is a fact at issue in this lawsuit.  The Court, therefore,  finds that Gomez's testimony regarding the credibility of the Venezuelan judicial system is relevant because the testimony addresses facts necessary for the Court's consideration in resolving the issue of the location of the arbitration.

The Republic further contends that Gomez's testimony should not be admitted because it fails to meet the requirements of Federal Rules of Evidence 701 and 702.  Federal Rule of Evidence 701 pertains to lay witnesses, not experts; therefore, it is not applicable to Gomez. Federal Rule of Evidence 702 addresses the testimony of expert witnesses.  It provides as follows:  "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."  The proponent of the expert must prove by a preponderance of the evidence that the expert's testimony is reliable.  *Moore v. Ashland Chem. Inc*., 151 F.3d 269, 276 (5th Cir. 1998) (*en banc*), *cert. denied* 526 U.S. 1064 (1999).  The defendant has launched a challenge to the sufficiency of Gomez's expert opinion seeking a proper foundation for that expert's testimony following the guidance of *Daubert*.  Whether a *Daubert* challenge is properly made to

an expert's testimony requires a fact specific inquiry into the proffered testimony after

consideration of the issue at hand, the witness' expertise, and the subject of the testimony.

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-8 (1999); *see Black v. Food Lion, Inc.*, 171

F.3d 308, 311 (5th Cir. 1999).

Factors which the Court might use to determine whether to admit an expert's testimony

include the following:

(1) Whether a "theory or technique . . . can be (and has been) tested";
(2) Whether it "has been subjected to peer review and publication;
(3) Whether, in respect to a particular technique, there is a high "known or
potential rate of error" and whether there are "standards controlling the
technique's operation"; and
(4) Whether the theory or technique enjoys "general acceptance" within a
"relevant scientific community"

*Kumho Tire*, 526 U.S. at 149.

District courts are given "wide latitude in determining the admissibility of expert

testimony." *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997). The Court must bear

in mind that, "the heart of *Daubert* is relevance and reliability. As long as some reasonable

indication of qualifications is adduced, the court may admit the evidence without abdicating its

gate-keeping function. After that, qualifications become an issue for the trier of fact rather than

for the court in its gate-keeping capacity." *Rushing v. Kansas City S. R.R.*, 185 F.3d 496, 507

(5th Cir. 1999). Factors considered include whether a proposed technique can and has been

tested, subjected to peer review and publication, whether there is a known or potential error rate,

and whether the relevant scientific community generally accepts the technique. *Daubert*, 509

U.S. at 593-4.

Although a court is not permitted to rely on expert testimony on the meaning of the "foreign" law, testimony by lawyers on the meaning of the foreign law is admissible and may be relied upon by the court. *See, e.g., Schexnider v. McDermott Int'l, Inc.,* 868 F.2d 717, 719 n. 2 (5th Cir. 1989) (*per curiam*). Federal Rule of Civil Procedure 44.1, which governs the Court's determination of foreign law provides as follows, and is applicable to the motion to strike:

> A party who intends to raise an issue concerning the law of a foreign country shall give notice by pleadings or other reasonable written notice. The court, in determining foreign law, **may consider any relevant material or source,** including testimony, **whether or not submitted by a party or admissible under the Federal Rules of Evidence.** The court's determination shall be treated as a ruling on a question of law. (Emphasis added).

The Court may consider evidence not technically admissible under the Federal Rules of Evidence, if such evidence is relevant. *Watkins v. Telsmith, Inc*., 121 F.3d 984, 988 (5th Cir. 1997). The Court must bear in mind that "the heart of *Daubert* is relevance and reliability. As long as some reasonable indication of qualifications is adduced, the court may admit the evidence without abdicating its gate-keeping function. After that, qualifications become an issue for the trier of fact rather than for the court in its gate-keeping capacity." *Rushing v. Kansas City S. R.R.*, 185 F.3d 496, 507 (5th Cir. 1999). The broad discretion afforded a court in considering evidence to determine foreign law derives from the general unavailability of foreign legal materials, and the frequent need for expert assistance in understanding and applying that information. In determining questions of foreign law, courts have turned to a wide variety of sources including affidavits and expert testimony from individuals including a judge from another country, a minister of agriculture, and an attorney, among others. *See i.e., United States v. Molt,* 599 F.2d 1217, 1220 (3rd Cir. 1979); *United States v. 2,507 Live Canary Winged*

*Parakeets,* 689 F. Supp. 1106, 1009 (S.D. Fla. 1988); *United States v. Taitz,* 130 F.R.D. 442, 446 n.2 (S.D. Cal. 1990).

Gomez holds a Doctorate in Juridical Science from Stanford Law School where he serves as a Fellow. He is also licensed to practice law in Venezuela and has published numerous works regarding law and judicial practices in Venezuela. Additionally, Gomez serves as an assistant professor at Florida International University College of Law in Miami where he teaches courses in International Commercial Arbitration, International and Comparative Law, Legal Institutions in Latin America, and others. (Ct. R., Doc. 173, pp. 5-27.) He also has experience in practice in the Venezuelan legal system. (Ct. R., Doc. 160-4, p. 18.)

Based on the criteria and qualifications presented above, the Court finds that Gomez's testimony regarding the state can be deemed reliable. Additionally, Northrop and Gomez collectively demonstrate that Gomez possesses specialized knowledge that provides for a testimony based upon sufficient facts and data and is the product of reliable principles and methods. The Court, therefore, finds that Gomez's testimony fulfills the requirements of Federal Rule of Evidence 702.

The Republic also posits that Gomez's testimony should not be admitted because it fails to meet the requirements of Federal Rules of Evidence 801 and/or 802. (Ct. R., Doc. 173, pp. 1-3.) As previously noted, Gomez presents an expert testimony based upon facts and data and is the product of reliable principles and methods. "Expert opinions may be based on facts or data of a type reasonably relied upon by experts in a particular field, even if the sources are not admissible evidence. Consequently, the court did not abuse its discretion by permitting the expert witness to testify on the basis of hearsay." *United States v. Gresham*, 118 F.3d 258 (5th

Cir. 1997).  Accordingly, the Court finds that the motion to strike Gomez's testimony based on Federal Rules of Evidence 801 and/or 802 should be denied.

Lastly, the Republic argues that Gomez's testimony should not be admitted because of a purported conflict of interest. (Ct. R., Doc. 189, pp. 3-4.)  Gomez was disqualified as an arbitrator in *Raytheon Anschutz GmbH v. Diques y Astilleros Nacionales, C.A.*, ICC Case No. 16788/JRT.  (Ct. R., Doc. 221, pp. 1-5.)  In that case, Raytheon, a defense contractor for the United States, nominated Gomez as an arbitrator.  (Ct. R., Doc. 190, p. 10.)  Disques y Astilleros Nacionales, C.A. [DIANCA] is a Venezuelan owned corporation charged, in part, with the task of maintenance and repair of ships of the Venezuelan Navy.  (*Id*.)  The Republic asserts that Gomez's involvement with this case, including filing opinions or declarations on behalf of NGSS, created a conflict of interest which prevented Gomez from acting impartially in the Raytheon/DIANCA case.  (*Id*., p. 15.)  Gomez was released from the arbitration position in the Raytheon/DIANCA case.  (*Id*.)

"Merely being a lawyer does not disqualify one as an expert witness. Lawyers may testify as to legal matters when those matters involve questions of fact." *Askanase v. Fatjo*, 130 F.3d 657, 672-3 (5th Cir. 1997).  In this case, Gomez is testifying concerning his specialized knowledge, training, and experience regarding the Venezuelan legal system which beyond the knowledge and skill of the Court.  Such testimony is permissible.  *United States v. Heath*, 970 F.2d 1397, 1405 (5th Cir. 1992), *cert. denied Cheng v. United States*, 507 U.S. 1004 (1993). Furthermore, an expert's testimony is not ethically barred due to a purported conflict of interest. *Televisa, S.A. de C.V. v. Univision Com., Inc.*, 635 F. Supp. 2d 1106 (C.D. Cal. 2009).  As such, Gomez's testimony cannot be barred due to this purported conflict of interest, or merely because

he is an attorney and discusses the legal system in Venezuela.  The Court, therefore, concludes

that the motion to strike Gomez's testimony should be denied.  It is therefore,

ORDERED AND ADJUDGED that Defendant's motion *in limine* [173] to exclude the

expert testimony of Manuel Gomez be, and is hereby, denied as outlined above.

SO ORDERED AND ADJUDGED, this the 2nd day of July, 2010.


_____
*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE