IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NORTHROP GRUMMAN SHIP
SYSTEMS, INC., formerly known
as INGALLS SHIPBUILDING, INC.                                          PLAINTIFF

VERSUS                                      CIVIL ACTION NO.  1:02cv785WJG-JMR

THE MINISTRY OF DEFENSE OF
THE REPUBLIC OF VENEZUELA,
and BANK OF NEW YORK                                                    DEFENDANTS

O R D E R

THIS CAUSE comes before the Court on the motion *in limine* [175] of the Defendant, The Ministry of Defense of the Republic of Venezuela [the Republic], to exclude the expert witness testimony of Antonio Canova Gonzalez regarding the Venezuelan judicial system.  (Ct. R., Doc. 175, pp. 1-3.)  The Republic asserts that Canova Gonzalez's testimony should not be admitted in this case because he fails to meet the criteria for admissibility, citing standards of the Federal Rules of Evidence 401-402, 701, 702, and/or 801/802.  (Ct. R., Doc. 175, pp. 1-3.)

The Republic argues that Canova Gonzalez should not be allowed to testify in this case because  his methods do not meet the standards set forth in *Daubert v. Merrill Dow Pharm.*, 509 U.S.  579 (1993).  (Ct. R., Doc. 176, p. 28.)  According to the Republic, Canova Gonzalez's testimony is not relevant to the issue in this case.  (*Id.*)  Federal Rule of Evidence 401 states, "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would

be without the evidence." The Republic contends that as Canova Gonzalez's opinions do not establish that arbitration in Venezuela would be improper, the opinion is not relevant to this issue. (*Id.*, p. 26.)

The Republic also argues that Canova Gonzalez's testimony should not be admitted because it fails to meet the requirements of Federal Rules of Evidence 701 and 702. Federal Rule of Evidence 701 pertains to lay witnesses, not experts; therefore, it is not applicable to Canova Gonzalez. Federal Rule of Evidence 702 addresses the testimony of expert witnesses. It provides as follows: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." The proponent of the expert must prove by a preponderance of the evidence that the expert's testimony is reliable. *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (*en banc*), *cert. denied* 526 U.S. 1064 (1999).

Canova Gonzalez does nothing to suggest that the sources he relies on in formulating his opinions are proper under Federal Rules of Evidence 703, according to the Republic. (Ct. R., Doc. 176, p. 16.) In addition, the Republic argues that the information supplied by Canova Gonzalez "offers nothing to allow [a] determination whether the state of the judiciary now is the same, better, or worse that it was in December of 1997 when the Contract was signed," making the information useless in this case. (*Id.*, p. 19.)

In addition, "[m]erely being a lawyer does not disqualify one as an expert witness. Lawyers may testify as to legal matters when those matters involve questions of fact." *Askanase v. Fatjo*, 130 F.3d 657, 672-3 (5th Cir. 1997). In this case, Canova Gonzalez is testifying

concerning his specialized knowledge, training, and experience regarding the Venezuelan legal system which is beyond the knowledge and skill of the Court. Such testimony is permissible. *United States v. Heath*, 970 F.2d 1397, 1405 (5th Cir. 1992), *cert. denied Cheng v. United States*, 507 U.S. 1004 (1993).

District courts are given "wide latitude in determining the admissibility of expert testimony." *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997). The Court must bear in mind that "the heart of *Daubert* is relevance and reliability. As long as some reasonable indication of qualifications is adduced, the court may admit the evidence without abdicating its gate-keeping function. After that, qualifications become an issue for the trier of fact rather than for the court in its gate-keeping capacity." *Rushing v. Kansas City S. R.R.*, 185 F.3d 496, 507 (5th Cir. 1999). Under the Federal Rules of Evidence, a qualified expert witness may testify "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. . . ." FED. R. EVID. 702. The trial court is charged with making initial determinations as to the admissibility of evidence. FED. R. EVID. 104(A). In determining the admissibility of expert testimony, the court should approach its task "with proper deference to the jury's role as the arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Viterbo v. Dow Chem. Co.,* 826 F.2d 420, 422 (5th Cir. 1987).

Canova Gonzalez holds a doctorate in law and is a professor of law, including administrative law, at several universities including the Universidad Catolica Andres Bello School of Law, Universidad Central de Venezuela Center for Graduate Studies, and the

Universidad Monteavila. (Ct. R., Doc. 224, pp. 1-3.) He is currently the lead partner in constitutional law and administrative law for the law firm of Bolinaga, Levy, Marquez and Canova. (*Id*., p. 3.) He was a consulting attorney for the Supreme Tribunal of Justice, the Commission of the Supreme Court of Justice in charge of drafting constitutional justice law, and an auxiliary attorney for the Supreme Court of Justice main chamber and political administrative chamber in Venezuela. (*Id*.) Moreover, Canova Gonzalez has published numerous works regarding law in Venezuela and has served as a member of several professional organizations. (*Id*., pp. 4-7.) Based on the criteria and qualifications presented by Canova Gonzalez, the Court finds that Canova Gonzalez's testimony can be deemed reliable. Additionally, Northrop and Canova Gonzalez collectively demonstrate that Canova Gonzalez possesses specialized knowledge that provides for a testimony based upon sufficient facts and data and is the product of reliable principles and methods. As such, the Court finds Canova Gonzalez's testimony fulfills the requirements of Federal Rule of Evidence 702.

The Republic also posits that Canova Gonzalez's testimony should not be admitted because it fails to meet the requirements of Federal Rules of Evidence 801 and/or 802. (Ct. R., Doc. 175, pp. 1-3.) As already noted, Canova Gonzalez presents an expert testimony based upon facts and data and is the product of reliable principles and methods. "Expert opinions may be based on facts or data of a type reasonably relied upon by experts in a particular field, even if the sources are not admissible evidence. Consequently, the court did not abuse its discretion by permitting the expert witness to testify on the basis of hearsay." *United States v. Gresham*, 118 F.3d 258 (5th Cir. 1997). As such, the Court finds Canova Gonzalez's testimony cannot be stricken on the basis of Federal Rules of Evidence 801 and/or 802. It is therefore,

ORDERED AND ADJUDGED that Defendant's motion *in limine* [175] be, and is hereby, denied as outlined above.

SO ORDERED AND ADJUDGED this the 5th day of August, 2010.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE