**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI – SOUTHERN DIVISION**

| | |
|---|---|
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., f/k/a INGALLS SHIPBUILDING, INC.,<br><br>        Plaintiff,<br><br>SIDNEY A. BACKSTROM, et al.<br><br>        Intervenor Plaintiffs<br><br>        v.<br><br>THE MINISTRY OF DEFENSE OF THE BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>        Defendant. | Civil Case No. 1:02-cv-00785-HSO-RHW |

## DECLARATION OF ALEXANDER A. YANOS

Pursuant to 28 U.S.C. § 1746, I, Alexander A. Yanos, hereby declare as follows:

1.      I am an attorney at Alston & Bird, LLP.  I represent Huntington Ingalls Incorporated ("Huntington Ingalls") in the above-referenced matter.  I submit this declaration in support of Huntington Ingalls' Motion for Recognition and Execution of An Arbitration Award.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the final award ("the Award") rendered by an arbitral tribunal (the "Tribunal") on February 19, 2018, in an arbitration between Huntington Ingalls and the Ministry of Defense of the Bolivarian Republic of Venezuela (the "Ministry" or "Defendant").

3.      Attached here as Exhibit 2 is a true and correct copy of the contract between Huntington Ingalls and the Ministry executed on December 17, 1997.

4.      Attached hereto as Exhibit 3 is a translation of the contract between Huntington Ingalls and the Ministry executed on December 17, 1997.

5.      Attached hereto as Exhibit 4 is a true and correct of the Order issued by an earlier arbitral tribunal, dated November 27, 2008, terminating an arbitration proceeding prior to that which resulted in the Award.

6.      Attached hereto as Exhibit 5 is a true and correct copy of Procedural Order No. 2, dated July 16, 2013, issued by the Tribunal.

7.      In the Award, the Tribunal did not perform a calculation combining the various amounts awarded to Huntington Ingalls to arrive at a total award value.  Attached hereto as Exhibit 6 is a worksheet detailing that calculation.  For purposes of this calculation, Huntington Ingalls has excluded inadvertent duplication on the part of the Tribunal in the Award.  In particular, Huntington Ingalls has excluded the amount awarded to it under REA 91 as it is listed twice in the award (Exhibit 1, p. 121 and p. 281).  Exhibit 6 shows that the total value of the Award on the date it was issued was US$128,862,457.27, including pre-Award interest, net of amounts owed to the Ministry pursuant to its counter-claim (including pre-Award interest).

8.      Attached hereto as Exhibit 7 is a true and correct copy of the "Decision on the Ministry's Request for Correction of the Arbitral Award" issued by the Tribunal on May 7, 2018.

9.      Attached hereto as Exhibit 8 is a true and correct copy of the Ministry's Motion to Dismiss Huntington Ingalls' Petition to Recognize and Enforce the Award in Washington, D.C.

10.      Attached hereto as Exhibit 9 is a true and correct copy of Order to Show Cause, dated February 15, 2019, issued by the United States District Court for the District of Columbia.

11.     Attached hereto as Exhibit 10 is a true and correct copy of the Ministry's Response, dated

March 14, 2019, to the United States District Court for the District of Columbia's February 15,

2019, Order to Show Cause.

12.     Attached hereto as Exhibit 11 is a true and correct copy of the United States District

Court for the District of Columbia's Memorandum Opinion, dated June 13, 2019.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.


        Dated:  June 26, 2019
              New York, N.Y.


                          _____

                          Alexander Yanos
                          **ALSTON & BIRD LLP**
                          90 Park Avenue
                          New York, NY 10016
                          Tel: 212-210-9400
                          Fax: 212-210-9444
                          alex.yanos@alston.com