IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., f/k/a INGALLS SHIPBUILDING, INC., <br><br> Plaintiff, <br><br> SIDNEY A. BACKSTROM, et al. <br><br> Intervenor Plaintiffs <br><br> v. <br><br> THE MINISTRY OF DEFENSE OF THE BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Civil Case No. 1:02-cv-00785-HSO-RHW |

**PLAINTIFF'S REBUTTAL IN SUPPORT OF REQUEST FOR ENTRY OF JUDGMENT PURSUANT TO RULE 58(D) OR IN THE ALTERNATIVE PURSUANT TO RULE 54(B)**

Northrop Grumman Ship Systems, Inc., formerly known as Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Plaintiff" or "Huntington Ingalls"), by and through the undersigned counsel, respectfully submits this Rebuttal in Support of its Request for Entry of Final Judgment.

**INTRODUCTION**

Venezuela "does not oppose the method of calculation proposed by [Huntington] Ingalls in the Motion." Opp. Br. at 4 (ECF No. 412). That admission is sufficient for the Court to enter a final judgment. Yet, Venezuela attempts once more to disrupt and delay justice pursuant to an arbitration award years in the making and that this Court has already enforced.

Venezuela does so by for the first time raising untimely and meritless arguments about a settlement between Huntington Ingalls and a third party (Crystallex International Corporation

("Crystallex")), concerning funds in the Bank of New York: (*a*) of which Venezuela and its counsel have known for years; and (*b*) which allowed Venezuela to reduce its debt to Crystallex by the full amount in the account at issue. Venezuela cannot now use the same funds to reduce its debt to Huntington Ingalls as well.

*First*, this Court's own docket (ECF Nos. 354. 369, 369-1 and 372), and that of related proceedings in New York confirms that Venezuela has known about the settlement between Huntington and Crystallex concerning an account at the Bank of New York since November of 2017. *See* Stipulation and Order And Judgment, *In re Application of Crystallex Int'l Corp. v. Bank of New York Mellon and The Ministry of Defense of the Bolivarian Republic of Venezuela*, No. 17 Civ. 7024 (S.D.N.Y.) (ECF No. 369-1) (3d Yanos Decl. Ex. 1).[1] Venezuela could have raised any claims it had concerning the manner in which the funds involved in that transaction were treated in this case, as well as in the case involving Crystallex *at that time*, as well as in its Opposition to Plaintiff's Motion for Recognition and Execution of the Award (ECF No. 400). It chose otherwise and it is too late to do so now, after this Court's Order of March 31, 2020 (ECF No. 406) decided the case and determined the extent of Venezuela's liability under the Award.

In addition to being untimely, Venezuela's argument is also founded on a false premise: Huntington never received payments from Crystallex in settlement of claims against Venezuela but rather in settlement of the dispute between Huntington and Crystallex. As a result, with Venezuela's consent, the *entire amount* of the disputed account at the Bank of New York has been credited towards Venezuela's debts to Crystallex—as is manifest from court documents that Venezuela's counsel signed. Thus, even if Venezuela had timely raised this issue, there would be

---

[1] "3d Yanos Decl." refers to the Third Declaration of Alexander A. Yanos filed concurrently with this Rebuttal.

y

no basis upon which Venezuela may now use those same funds to pay off two creditors at once.

The Court should grant Huntington Ingalls' pending request for entry of final judgment.

**I.     VENEZUELA'S ATTEMPT TO RAISE NEW ISSUES IS UNTIMELY**

This case has been decided since this Court's Order of March 31, 2020 (ECF No. 406) ("Order") and the time for new arguments is long past. Indeed, Venezuela has already given notice of its appeal. ECF No. 413. It is clear, moreover, that the Court's Order was intended to be a final decision in this case: it was duly recorded on the docket and self-evidently accepted by Venezuela as final for purposes of giving notice of its appeal. *Id.* As the Fifth Circuit has explained, a memorandum opinion "will be considered a final judgment . . . if the district court intended the memorandum opinion to represent a final judgment and the parties treated it as such." *Escamilla v. Santos*, 591 F.2d 1086, 1087 (5th Cir. 1979) (citing *Bankers Trust v. Mallis*, 435 U.S. 381 (1978) (per curiam)). *See also Moreno v. Lg Elecs., USA Inc.*, 800 F3d 692, 697 (5th Cir. 2015) (district court's order may be treated as final when "order is evidently intended to represent the final decision and the appellee does not object") and *Hummer v. Dalton*, 657 F.2d 621, 624 (4th Cir. 1981) (district court's decision "plainly intended to be 'final decision[] in the case'" when "duly recorded on the 'Clerk's docket,'" and "understood and accepted by the plaintiff as final for purposes of appeal.").

Huntington Ingalls' seeking entry of judgment under Rules 58 or 54 does not somehow hold the door open for Venezuela to raise new arguments. To the contrary, as the Fifth Circuit has explained, the purpose of Rule 58's "separate-document requirement" is to clarify when the time for appeal begins to run. *See Ludgood v. Apex Marine Corp. Ship Mgmt.*, 311 F.3d 364, 368 (5th Cir. 2002). Where, in the nearly three years since Huntington and Crystallex stipulated to a settlement, Venezuela has never once asserted a right to a "credit" in this case—neither in its three

3

briefs or in oral argument before the U.S. District Court for the District of Columbia (ECF Nos. 21, 23, and 28) nor in years of proceedings before this Court including in its Opposition to Huntington Ingalls' Motion for Recognition and Execution of an Arbitration Award (ECF No. 399)—and should not be allowed to do so now.  *See Indep. Coca-Cola Emples. Union v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143-44 (5th Cir. 2004) ("Defenses not raised or argued at trial are ordinarily waived by the parties failing to raise them"); *Cunningham v. Healthco, Inc.*, 824 F.2d 1448, 1458 (5th Cir. 1987) (same).

At best, Venezuela's demand for a "credit" is premature.  The purpose of a Final Judgment in this case is the reduction to a U.S. federal court judgment of an international arbitration award pursuant to the Federal Arbitration Act.  Once that judgment is entered, Venezuela may have defenses—among them, at least in theory, supposed payments made on its behalf by third parties.  But those defenses go to Venezuela's obligation to pay—not to the underlying amount Awarded or stated in the judgment to be entered.

Venezuela's sole citation in support of its "credit" argument actually clarified this point.  In *Meek*, the plaintiffs sought judgment against a defendant in the amount of $ 259,000 on various fraud claims.  *Meek v. Howard, Weil, Labouisse, Friedrichs, Inc.*, No. 3:93-cv-127, 1996 WL 33370675, *1 (N.D. Miss. April 19, 1996).  Like Venezuela, the defendant in *Meek* insisted that he should be credited for any amount paid to the plaintiffs in restitution for his fraud through associated criminal proceedings and "that the amount of any judgment should be reduced by the total of any amount the [plaintiffs] ha[d] already recovered."  The District Court declined to reduce the amount *of the judgment*.  To the contrary, it ruled that the plaintiffs were "entitled to a judgment in the amount of $ 259,000."  *Id.*  The *Meek* court, in other words, entered judgment in the amount of liability.  While it noted that "amounts the [plaintiffs] have received or may receive

4

in the future . . . should be credited against the judgment" it did not reduce the amount of liability actually adjudged and entered against the defendant. *Id.* * 2.

As in *Meek*, the Court should enter judgment in the amount of Venezuela's liability under the Award. ECF No. 409. Thereafter, Venezuela can be credited for amounts it actually pays towards satisfying the Judgment, if it ever does so. However, as explained below, the funds Huntington Ingalls received from Crystallex can never be credited to Venezuela's debt to Huntington Ingalls because they have already been credited to Venezuela's debt to Crystallex.

## II.   VENEZUELA'S CLAIM THAT HUNTINGTON INGALLS RECEIVED FUNDS FROM CRYSTALLEX IN SATISFACTION OF CLAIMS AGAINST VENEZUELA IS NOT CORRECT

Venezuela is entitled to no relief from its obligations on account of the settlement between Huntington Ingalls and Crystallex. Specifically, Venezuela alleges—without citation—that Ingalls "informed this Court that it was set to receive a sum in satisfaction of its claim against the Ministry after Crystallex received the funds held by BONY." ECF No. 412 at 5. That is not correct. Rather, as Huntington informed the Court at the time, it "agreed to waive its asserted claims to an interest in the funds in the Trust Account in consideration of Crystallex's agreement to pay [Huntington] Ingalls a sum certain . . ." ECF No. 369, at 3-4. That payment was not made on Venezuela's behalf and could not have been made to satisfy an award that ***did not*** yet exist (the Award was not issued by the Tribunal until February 19, 2018). ECF No. 391-2.

Huntington Ingalls contemporaneously advised this Court of its settlement with Crystallex, explaining that it had "agreed to waive its asserted claims to an interest in the funds in the Trust Account in consideration of Crystallex's agreement to pay Ingalls a sum certain (the "Settlement Amount") after the entry of an order in the New York Court requiring that BNYM transfer all funds in the Trust Account to Crystallex, and upon transfer of the funds in compliance with such

5

order." ECF No. 369. Venezuela made no opposition and signed the stipulation through its current counsel, agreeing to this and that all of the funds in the Bank of New York account were to be credited towards its debt to Crystallex. *See* Stipulation and Order And Judgment, *In re Application of Crystallex Int'l Corp. v. Bank of New York Mellon and The Ministry of Defense of the Bolivarian Republic of Venezuela*, 1:17-cv-07024-VSB (S.D.N.Y. Apr. 2, 2018) (ECF No. 369-1) at 5 (stipulating that "the $43,246,941.75 remaining in the Account following the payment of Respondent's [BONY] reasonable legal fees and expenses shall, pursuant to CPLR 5225, CPLR 5227 and CPLR 5239, be turned over to Petitioner [Crystallex] in partial satisfaction of its [*i.e.*, Crystallex's] judgment against judgment debtor Venezuela") (3d Yanos Decl. Ex. 1). *See also* Letter on behalf of Huntington Ingalls to Hon. Vernon S. Broderick, United States District Judge (Nov. 14, 2017), *Crystallex International Corporation v. The Bank of New York Mellon*, 1:17-cv-07024-VSB (S.D.N.Y. Nov. 14, 2017) at 1 (advising that "Ingalls supports Crystallex's request for an order to [BONY] to turn over to Crystallex the funds in the Account in partial satisfaction of Crystallex's $1.4 billion judgment against the Bolivarian Republic of Venezuela" and that "Ingalls does not intend to assert any claim to the funds in the Account.") (3d Yanos Decl. Ex. 2).

Despite the entire amount of the Bank of New York Account having been credited towards satisfaction of its debt to Crystallex, Venezuela's latest filing effectively asks this Court to allow it to credit some of that amount towards its debt to Huntington as well. In short, Venezuela purports to pay two creditors with the same cash. Venezuela should not be allowed to further prolong a litigation that has lasted nearly two decades by forcing the parties to litigate the absurd question of whether a debtor may use the same dollar to satisfy two debts. Rather, the Court should grant Huntington Ingalls' request for entry of judgment. ECF No. 409.

### III. HUNTINGTON HAS NO OBJECTION TO THE DISMISSAL OF FORMALLY PENDING NON-ARBITRABLE CLAIMS

Venezuela's suggestion that Huntington Ingalls's 2002 claims for a maritime lien against a Venezuelan warship and for a constructive trust over the same funds in the Bank of New York as to which it reached a settlement with Crystallex (ECF No. 1 at 27-30) remain meaningfully before the Court is farfetched.  Nor, as set forth in Huntington Ingalls' motion of April 13, 2020 (ECF No. 409) would even the pendency of these unrelated claims impede the Court's entry of judgment pursuant to Rule 54(b).  Nevertheless, for the avoidance of doubt and in the interests of avoiding further delay, Huntington Ingalls explicitly consents to the dismissal of its Eighth and Ninth claims.

### CONCLUSION

The Court should grant Huntington Ingalls's pending request for entry of Judgment pursuant to Rule 58(d) or in the alternative grant Huntington Ingalls's motion for entry of Judgment pursuant to Rule 54(b) in the updated amounts submitted by Huntington Ingalls on April 13, 2020 (ECF No. 409).

Dated:  May 1, 2020
         Gulfport, MS

Respectfully submitted,

/s/ Richard P. Salloum
Richard P. Salloum
**FRANKE & SALLOUM, PLLC**
P. O. Drawer 460
10071 Lorraine Road (39503)
Gulfport, MS 39502
228/868-7070
Fax: 22868-7090
rps@frslaw.com

Alexander Yanos (*pro hac vice*)
Carlos Ramos-Mrosovsky (*pro hac vice*)
Rajat Rana (*pro hac vice*)
**ALSTON & BIRD LLP**
90 Park Avenue

7

New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444
alex.yanos@alston.com
carlos.ramos-mrosovsky@alston.com
rajat.rana@alston.com

Kenneth A. O'Brien (*pro hac vice*)
**SHEPPARD, MULLIN, RICHTER & HAMPTON**
333 South Hope St., 43rd Floor
Los Angeles, CA 90071
213-617-5402
Fax: 213-443-2805
kaobrien@smrh.com

*Counsel for Plaintiff Huntington Ingalls Incorporated*