**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

NORTHROP GRUMMAN SHIP SYSTEMS,
INC., f/k/a INGALLS SHIPBUILDING, INC.,

    Plaintiff,

PODHURST ORSECK, P.A. LAW FIRM      CIVIL CASE NO: 02-cv-00785-HSO-RHW

    Intervenor Plaintiff,

v.

THE MINISTRY OF DEFENSE OF THE
REPUBLIC OF VENEZUELA,

    Defendant.
_____

**DEFENDANT'S MOTION TO FILE UNDER SEAL THE UNREDACTED VERSION OF THE SETTLEMENT AGREEMENT BETWEEN CRYSTALLEX INTERNATIONAL CORPORATION AND THE BOLIVARIAN REPUBLIC OF VENEZUELA**

Defendant, the Ministry of Defense of the Republic of Venezuela (the "Ministry"), by and through its undersigned counsel, and pursuant to Local Rule 79(e) hereby submits this Motion to File under Seal the Unredacted Version of the Settlement Agreement between Crystallex International Corporation ("Crystallex") and the Bolivarian Republic of Venezuela (the "Agreement"), and in support states as follows:

### INTRODUCTION

At the heart of the current dispute between the Parties is whether the amount of the judgment should be reduced by any amounts Ingalls has recovered in relation to its claim to funds from the Trust Account.[1] Ingalls plainly denies that it received any amounts as compensation in

---

[1] All capitalized terms used in this Motion have the same meaning as assigned in the Ministry's Response in Opposition to Huntington's Request for Entry of Final Judgment Pursuant to Rule 58(d) and Motion in the Alternative Pursuant to Ruel 54(b)(ECF No. 408).

1

direct contradiction of the terms of the Agreement. The terms of the Agreement are therefore vital for this Court's determination of the pending issue. Since Ingalls is not a party to the Agreement and the Agreement is by its own terms confidential between the parties, the Ministry seeks permission from this Court to file the document under seal.

### MEMORANDUM OF LAW

While the public has a right to inspect and copy judicial records in federal courts, "[t]hat right 'is not absolute.'" *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). When exercising their discretion to permit the filing of documents under seal, district courts must "balance the public's common law right of access against the interests favoring nondisclosure." *Id.* In conducting this balancing test, the "relevant facts and circumstances of the particular case" inform the factors that a court should balance. *See, e.g., Belo Broadcasting Corp. v. Clark,* 654 F.2d 423, 430 (5th Cir. 1981).

Since confidentiality helps facilitate settlements and therefore conserves judicial resources, courts are generally inclined to find that public policy favors preserving the confidentiality of settlement agreements. *See, e.g., Seals v. Herzing Inc., -New Orleans,* 482 Fed. Appx. 893, 896 (5th Cir. 2012); *see also Gambale v. Deutsche Bank AG,* 377 F.3d 133, 143 (2d. Cir. 2004); *Estate of Cole v. Ferrell,* 163 So.3d 921, 926 (Miss. 2012). This is especially the case where the settlement does not involve a right that is of a "private-public" character or is a confidential settlement reached without the approval of the court. *See Bradley on behalf of AJW v. Ackal,* 954 F.3d 216 (5th Cir. 2020) (observing that unlike settlements filed and submitted for court approval, there is no presumption of access "to information contained in settlement documents that were entered into on a confidential basis between the parties and are not the themselves a part of the court record") (internal citations omitted). Besides finding that public policy favors voluntary settlements, courts

have also considered whether confidentiality was a key term in the parties' decision to settle in determining whether a confidential settlement should be sealed. *See Seals v. Herzing Inc.-New Orleans,* 482 Fed. Appx. 893, 896 (5th Cir. 2012) (finding that parties 'agreement to maintain confidentiality is a factor in favor of sealing documents). In sum, the Fifth Circuit recognizes that a district court has authority to "narrowly tailor an order to seal a settlement agreement where the parties to the settlement agreed to maintain confidentiality and such confidentiality was a material inducement to settlement, given the fact that public policy favors voluntary settlements." *United States ex rel. Rigsby v. State Farm Fire and Casualty Co.,* Case No. 06-cv-433, 2014 WL 12713066 (S.D. Miss Oct. 9, 2014).

In this case, the balance of the relevant factors weighs in favor of non-disclosure. First, the Agreement contains express confidentiality provisions, indicating a clear intent that confidentiality was a material element to the parties' decision to settle. Another court has already found the terms of the Agreement to be confidential in granting a motion to continue sealing exhibits that make reference to the terms of the Agreement. *See Crystallex International Corp. v. Bolivarian Republic of Venezuela,* Case No. 18-2797, Order on Motion to Continue Seal (3d Cir. Jan. 2, 2019). Second, this Agreement is not part of the judicial record as it was not submitted for court approval, thereby diminishing the public's interest in its right to know and evaluate the settlement. While the Agreement involves a public entity, the legitimate public interest is minimal. This Agreement is between a foreign country and a foreign company. There are no US interests implicated. Moreover, this is not a dispute affecting the public health or safety or a public-private right such as those implicated in settlements involving the Fair Labor Standards Act. *See, e.g., Prater v. Commerce Equities Management Co., Inc.,* Case No. 07-2349, 2008 WL 5140045 * 1 (S.D. Tex, Dec. 8, 2008). Third, the Agreement is material for this Court's decision on the pending issue of whether the final

judgment amount is subject to a credit in favor of the Ministry. Finally, public policy favoring voluntary settlement weights in favor of nondisclosure. In balance, these factors weigh in favor of granting the Ministry's request to file the unredacted version of the Agreement under seal.

Pursuant to the other procedural requirements of Local Rule 79(e)(3), the Ministry requests that the Agreement be sealed from any access by the public and the litigant's counsel. This level of limited access is most appropriate since neither party to the Agreement is a named party in these proceedings and the Agreement requires that the terms be maintained confidential as between the contracting parties, Crystallex and the Republic. The Ministry has already shared the only relevant portion of the Agreement, and this clause standing alone, is enough to defeat Ingalls's arguments. There is no other reason to reveal the contents of the Agreement, but the Ministry is prepared to reveal it to the Court so as to avoid any doubts regarding its contents.

For the reasons set out above, the Ministry respectfully requests that the Court grant the Motion permitting the filing under seal of the Agreement.

                                                                                                                             Respectfully Submitted,

                                                       */s/ Quinn Smith*
                                                       **GST LLP**
Rodney Quinn Smith
Fla. Bar No. 59523
*Admitted pro hac vice*
e-mail: quinn.smith@gstllp.com
1111 Brickell Avenue
Suite 2715
Miami, Florida 33131
(T) (305) 856-7723
(F) (305) 856-7724

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ Rodney Quinn Smith
Rodney Quinn Smith
Fla. Bar No. 59523
*Admitted pro hac vice*

## SERVICE LIST

Joseph F. Coyne - PHV, Jr.
Sheppard, Mullin, Richter & Hampton
333 South Hope St., 48th Floor
Los Angeles, CA 90071
Email: jcoyne@sheppardmullin.com

Kenneth A. O'Brien - PHV, Jr.
Sheppard, Mullin, Richter & Hampton
333 South Hope St., 43rd Floor
Los Angeles, CA 90071
213-617-5402
Fax: 213-443-2805
Email: kaobrien@smrh.com

Richard P. Salloum
Franke & Salloum, PLLC
P. O. Drawer 460
10071 Lorraine Road (39503)
Gulfport, MS 39502
228/868-7070
Fax: 22868-7090
Email: rps@frslaw.com

Alexander Yanos - PHV
Alston & Bird, LLP - New York
90 Park Avenue
New York, NY 10016
212-210-9400
Email: alex.yanos@alston.com

Carlos Ramos-Mrosovsky - PHV
Alston & Bird, LLP - New York
90 Park Avenue
New York, NY 10016
212-210-9400
Email: carlos.ramos-mrosovsky@alston.com

J. Thomas Hamrick , Jr.
Huntington Ingalls Industries, Inc.
5100 River Road
Avondale, LA 70094
504/654-5720
Fax: 504/654-5432
Email: tom.hamrick@hii-co.com

Rajat Rana - PHV
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
212-210-9400
Email: rajat.rana@alston.com

Traci M. Castille
Franke & Salloum, PLLC
P. O. Drawer 460
10071 Lorraine Road (39503)
Gulfport, MS 39502
228/868-7070
Fax: 228/868-7090
Email: tmc@frslaw.com

George S. Shaddock
P. O. Box 80
Pascagoula, MS 39567-0080
228/627-3089
Email: ctaylor.lawfirm@gmail.com