IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., f/k/a INGALLS SHIPBUILDING, INC., <br><br> Plaintiff, <br><br> SIDNEY A. BACKSTROM, et al. <br><br> Intervenor Plaintiffs <br><br> v. <br><br> THE MINISTRY OF DEFENSE OF THE BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Civil Case No. 1:02-cv-00785-HSO-RHW |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO ENTRY OF JUDGMENT**

Northrop Grumman Ship Systems, Inc., formerly known as Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Plaintiff" or "Huntington Ingalls"), by and through the undersigned counsel, respectfully submits this Opposition to Defendant's Motion For Leave To File Sur-Reply In Support Of Its Opposition To Plaintiff's Request For Entry Of Final Judgment Pursuant To Rule 58(d) And Motion In The Alternative Pursuant To Rule 54(b).  The proposed sur-Reply is not necessary because the Claimants raised no new arguments in the Rebuttal but simply responded to an argument Venezuela raised (belatedly) in its Opposition.  Moreover, the "new facts" Venezuela seeks to introduce are two years old and clearly could (and should) have been appended to Venezuela's Opposition.  In any event, a cursory reading of the agreement Venezuela relies upon for its motion shows that Venezuela has always known that Venezuela has no right to use the money Huntington Ingalls received from Crystallex to reduce

Venezuela's debt to Huntington Ingalls.  As a result, Venezuela's motion for leave to file a sur-reply should be denied.

## INTRODUCTION

The Court's Memorandum Order and Opinion of March 31, 2020 (ECF No. 406) ("Order") granted Huntington Ingalls's motion for recognition and execution of the Award and brought an end to litigation that has been pending before this Court for the better part of two decades.[1]  Despite this, Venezuela now seeks leave to file a sur-reply in furtherance of an untimely demand for a setoff on the basis of a previously undisclosed agreement with a third party to which it admits that Huntington Ingalls was never a party and which (allegedly) contradicts Venezuela's on the record stipulation before the United States District Court for the Southern District of New York (in point of fact, the agreement does not contradict Venezuela's on the record stipulation).  However, even if Venezuela's argument were not meritless, it could and should have been raised months ago.  Rather than indulge Venezuela's efforts to further protract this case, the Court should deny Venezuela's motion for leave and enter Judgment in favor of Huntington Ingalls in accordance with its pending Request and Motion.  *See* ECF No. 409.

I.      **VENEZUELA DOES NOT MEET THE STANDARD FOR LEAVE TO FILE A SURREPLY**

Sur-replies "are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter."  *Bolton v. McDuffie*, No. 2:18-CV-63-KS-MTP, 2018 U.S.

---

[1] Huntington Ingalls's subsequent filings seeking to update the calculation of the amount of the judgment to be entered against Venezuela pursuant to a method Venezuela conceded it "does not oppose" (ECF No. 412) and formal entry of judgment did not reopen the issues in dispute.  Nor, despite Venezuela's best efforts in its proposed sur-reply (*see* ECF No. 416-1 at 4-5) did such housekeeping matters as the voluntary dismissal of stale claims from a docket that has been open since 2002 mean that the Court had not fully resolved the issues in dispute.  *See* ECF No. 414 at 7 (communicating Huntington Ingalls's consent to dismiss claims from 2002 for a maritime lien against a Venezuelan warship that has long since sailed and for a constructive trust over the same funds in the Bank of New York as to which Huntington Ingalls later reached a settlement with Crystallex to vacate its preliminary injunction).

Dist. LEXIS 153495, *5 (S.D. Miss. June 26, 2018) (citing *Lacher v. West*, 147 F. Supp. 2d 538,

539 (N.D. Tex. 2001)).  Venezuela's burden in justifying a sur-reply is correspondingly high.

A sur-reply is appropriate only where the movant's rebuttal raises new legal theories or

evidence to which the non-movant did not previously have an opportunity to reply.  *See e.g.*,

*Blackwell v. Bankers Trust Co*., No. 3:18-CV-141-CWR-FKB, 2019 U.S. Dist. LEXIS 54940,

*12 (S.D. Miss. Mar. 29, 2019) ("Without the need to address new arguments, '[s]urreplies are

heavily disfavored by courts.'") (citing *Warrior Energy Servs. Corp. v. ATP Titan M/V,* 551 F.

App'x 749, 751 n.2 (5th Cir. 2014) (quoting *Weems v. Hodnett*, No. 10-CV-1452, 2011 U.S.

Dist. LEXIS 75172, *1 (W.D. La. July 13, 2011)).  *See also Certain Underwriters at Lloyd's of*

*London v. Lowen Valley View, LLC*, No. 3:16-cv-465-B, 2017 U.S. Dist. LEXIS 89284, *11

(N.D. Tex. June 9, 2017) (denying leave to submit a sur-reply where "reply did not include

any new evidence or legal theories" to which the non-movant "in fairness, must be given an

opportunity to address").  Importantly, a sur-reply is not an opportunity to re-argue or raise

points that could have been made earlier.  *Domain Vault LLC. v. Rightside Grp., Ltd*., No. 3:17-

CV-0789-B, 2017 U.S. Dist. LEXIS 160632, *2 (N.D. Tex. Sept. 28, 2017).

Venezuela cannot meet these standards.

*First*, Huntington Ingalls's rebuttal in support of its motion for entry of judgment did not

raise any new evidence or legal theories, but simply *responded* to a demand for a setoff that

Venezuela raised for the first time in its opposition to Huntington Ingalls's motion for entry of

judgment pursuant to this Court's March 31, 2020 Order.  In so doing, Huntington Ingalls

referenced documents that have long been available to Venezuela, and to which Venezuela

stipulated, on the docket of a federal district court.  Indeed, the *only* party to have raised both

new arguments and new evidence since the Court's March 31, 2020 Order enforcing the Award

is Venezuela, which for the first time sought to include a setoff in the calculation of the amount

of the judgment to be entered pursuant to the Court's enforcement of Huntington Ingalls's Award

and now purports to justify that setoff on the basis of its own previously undisclosed agreement

with a third party that it signed in April of 2018.

  *Second*, Venezuela has no "new" evidence.  Obviously, Venezuela has not just now

uncovered the terms of its own April 2018 agreement with Crystallex.  Venezuela's

carefully-phrased assertion that "the terms of this Agreement are new *to this case*" (ECF No. 416

at 2) (emphasis added) underscores that its terms are, of course, *not* new to Venezuela.

Venezuela could have raised the supposed implications for the judgment in this case of its

agreement at an earlier stage: ideally in its opposition to Huntington Ingalls's Motion for

Recognition and Execution of the Award (ECF No. 400) or even in its opposition to Huntington

Ingalls's Request and Motion in the Alternative for Entry of Judgment (ECF No. 412) filed last

month, and there is no excuse for Venezuela's failure to do so.

  It is no answer for Venezuela to claim that it could not foresee that Huntington Ingalls

"would be so mistaken" (*see* ECF No. 416 at 2) about the supposed implications of a confidential

agreement to which Huntington Ingalls was not a party.  The fact is that Huntington Ingalls's

method of calculating the amount owed under a judgment recognizing and executing its Award

has been before this Court since Huntington Ingalls filed its motion to recognize and execute its

Award (ECF No. 391) on June 26, 2019.  That methodology has never included any setoff for

amounts supposedly received through Crystallex on Venezuela's behalf — although it did

include other setoffs ordered by the Tribunal pursuant to Venezuela's counterclaims in the

underlying arbitration.  *See* Memorandum of Law in Support of Plaintiff's Motion for

Recognition and Execution of an Arbitration Award, ECF No. 392 at 7 (calculating "[t]he net

value of the Award, after offsetting sums due the Ministry from sums due to Huntington Ingalls and including interest until the date of the Award . . . not including post-Award interest" and noting that "[a]n updated calculation of the value of the Award through June 25, 2019" was attached an Exhibit [ECF No. 391-7]).  If the agreement that Venezuela now characterizes as a "key document" (ECF No. 416 at 2) was relevant to the calculation of the Judgment sought by Plaintiffs, that fact should have been obvious to Venezuela long ago.  Yet Venezuela raises the document for the first time now.

Huntington Ingalls placed its method of calculating the amount owed under the Award before the Court for a second time, again without including Venezuela's claimed setoff, in its recent Request and Motion in the Alternative for Entry of Judgment just last month.  *See* ECF No. 409 (a worksheet calculating the updated value of the Award was attached as an exhibit at ECF No. 409-2).  Venezuela again failed to raise the April 2018 agreement that it now says justifies a sur-reply in the opposition to Huntington Ingalls's motion that it filed on April 24, 2020 (ECF No. 412).  Where it is obvious that Venezuela preferred not to mention its agreement with Crystallex until this request for a sur-reply, the most charitable thing that can be said is that Venezuela held the agreement back in "a strategic effort by the nonmovant to have the last word."  As a result, its motion for leave to file a sur-reply should be denied.  *See Bolton*, No. 2:18-CV-63-KS-MTP, 2018 U.S. Dist. LEXIS 153495 at *5.

II.    **THE AGREEMENT, BY ITS VERY TERMS, DOES NOT AND CANNOT SUPERSEDE THE TERMS OF A STIPULATION AND ORDER IN OPEN COURT AS TO THE DISPOSITION OF THE BANK OF NEW YORK FUNDS UPON WHICH HUNTINGTON INGALLS RELIED IN RELEASING ITS INJUNCTION OVER THE BANK OF NEW YORK FUNDS**

Even if the Court were to allow Venezuela a sur-reply, it should make no difference to the result in this case.

In sum, Venezuela's sur-reply, attached as an exhibit to its motion, asks this Court to apply the terms of an agreement between Venezuela and Crystallex over those of a stipulation and order into which Venezuela entered before the Southern District of New York and upon which Huntington Ingalls relied in asking this Court to vacate its preliminary injunction over the Bank of New York funds. *See* ECF Nos. 369 and 369-1 (attaching S.D.N.Y. Stipulation and Order and Judgment). The terms to which Venezuela stipulated and upon which Huntington Ingalls relied were, in relevant part:

(1) that "the $43,246,941.75 remaining in the Account following the payment of Respondent's [BONY] reasonable legal fees and expenses shall, pursuant to CPLR 5225, CPLR 5227 and CPLR 5239, be turned over to Petitioner [Crystallex] ***in partial satisfaction of its [i.e., Crystallex's] judgment against judgment debtor Venezuela***" and

(2) that such turnover would be "contingent upon the vacatur of the preliminary injunction currently pending in the United States District Court for the Southern District of Mississippi" on the motion of Huntington Ingalls.

*See* Stipulation and Order And Judgment, *In re Application of Crystallex Int'l Corp. v. Bank of New York Mellon and The Ministry of Defense of the Bolivarian Republic of Venezuela*, No. 17 Civ. 7024 (S.D.N.Y. Apr. 4, 2018) (3d Yanos Decl. Ex. 1) (emphasis added).

Relying on these stipulations which were incorporated into an order of another federal district court, Huntington Ingalls immediately moved that this Court vacate its preliminary injunction over the Bank of New York funds, waiving its claims to them, and allowing Venezuela and Crystallex to effectuate their settlement with respect to those funds. *Se* ECF No. 369. As Huntington Ingalls then informed this Court, it had agreed to "waive its asserted claims

to an interest in the funds in the Trust Account in consideration of Crystallex's agreement to pay

[Huntington] Ingalls a sum certain . . ."  ECF No. 369, at 3-4.  That payment was not made on

Venezuela's behalf but on Crystallex's, in consideration for Huntington Ingalls's removing an

impediment to an agreement into which Crystallex wished to enter with Venezuela.  *See id.*  and

3d Yanos Decl. Ex. 1.

Yet Venezuela now demands that this Court disregard the terms of the Southern District

of New York's Stipulation and Order and Judgment upon which Huntington Ingalls relied in

acting to vacate its preliminary injunction, and that the Court do so on the basis of a previously

undisclosed agreement to which Huntington Ingalls was not a party.  It cannot be the case that

Venezuela could—without Huntington Ingalls's knowledge—validly modify a stipulated order

and judgment in order to reduce the amount of a future judgment in Huntington Ingalls's favor.[2]

Indeed, the full agreement between Crystallex and Venezuela (ECF No. 420) confirms that

Venezuela understood this perfectly well.  Paragraph 3 of that agreement contains Venezuela's

recognition that (*i*) that the amount to be transferred by Crystallex to Huntington Ingalls would

be  under the provisions of the private agreement between Crystallex and Huntington Ingalls

(which provided that the money Crystallex paid Huntington Ingalls would not reduce

Venezuela's obligations to Huntington Ingalls in relation to the Arbitration) and (*ii*) that

---

[2] Venezuela's puzzling assertion that "the Bolivarian Republic of Venezuela is not a party to the Contract or this case" (ECF 416-1 at 5) is characteristic of its efforts to sow delay and complexity.  It is in all events contrary to Venezuela's previous position before this Court and settled law.  *See* Defendant's Status Report of August 2, 2012 (ECF No. 253 at n. 1) (noting that "[t]he Bolivarian Republic of Venezuela objects to the [identification of the] Ministry of Defense of the Bolivarian Republic of Venezuela as Party Defendant"); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 153 (D.C. Cir. 1994) ("[A]rmed forces are as a rule so closely bound up with the structure of the state that they must in all cases be considered as the "foreign state" itself, rather than a separate "agency or instrumentality" of the state . . . it is hard to see what would count as the "foreign state" if its armed forces do not.").  That said, the suggestion that Venezuela could, thorough a secret agreement with Crystallex both (i) vary the terms of a federal district court's stipulation and order and judgment and (ii) thus reduce the amount of a potential future judgment in favor of Huntington Ingalls would make equally little sense if "the Ministry" were an "instrumentality" of the Venezuelan State rather than part of the State itself.

Crystallex would assume the responsibility if Ingalls elected not to treat the amount transferred

to it by Crystallex as being part of payment of any award that Venezuela might be obliged to pay

to Huntington Ingalls.  *See* ECF No. 420.  In short, the agreement between Crystallex and

Venezuela acknowledged that the transfer of funds between Crystallex and Huntington Ingalls

would be governed by the only relevant agreement to which *Huntington Ingalls* was a party.  It

follows that Huntington Ingalls reasonably relied on Venezuela's stipulated court order to the

effect that the funds in the Bank of New York account were to be turned over to Crystallex "***in***

***satisfaction of its judgment against judgment debtor Venezuela***," (ECF No. 369-1) and

Venezuela has no basis in law or fact for adopting its current position.

## CONCLUSION

For the foregoing reasons, the Court should deny Venezuela leave to file a sur-reply and

enter Judgment in the updated amounts submitted by Huntington Ingalls on April 13, 2020 (ECF

No. 409).

Dated:  May 18, 2020
          Gulfport, MS

Respectfully submitted,

/s/ Richard P. Salloum
Richard P. Salloum
**FRANKE & SALLOUM, PLLC**
P. O. Drawer 460
10071 Lorraine Road (39503)
Gulfport, MS 39502
228/868-7070
Fax: 22868-7090
rps@frslaw.com

Alexander Yanos (*pro hac vice*)
Carlos Ramos-Mrosovsky (*pro hac vice*)
Rajat Rana (*pro hac vice*)
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444

8

alex.yanos@alston.com
carlos.ramos-mrosovsky@alston.com
rajat.rana@alston.com

Kenneth A. O'Brien (*pro hac vice*)
**SHEPPARD, MULLIN, RICHTER &
HAMPTON**
333 South Hope St., 43rd Floor
Los Angeles, CA 90071
213-617-5402
Fax: 213-443-2805
kaobrien@smrh.com

*Counsel for Plaintiff Huntington Ingalls
Incorporated*