## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| **NORTHROP GRUMAN SHIP SYSTEMS, INC., formerly known as Ingalls Shipbuilding, Inc.** | **PLAINTIFF** |
| **PODHURST ORSECK, P.A.** | **INTERVENOR PLAINTIFF** |
| **v.** | **Civil No. 1:02cv785-HSO-RHW** |
| **THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA** | **DEFENDANT** |
| **THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA** | **COUNTER-CLAIMANT** |
| **v.** | |
| **NORTHROP GRUMAN SHIP SYSTEMS, INC.** | **COUNTER-DEFENDANT** |

## ORDER GRANTING DEFENDANT THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA'S MOTION [410] TO DISMISS INTERVENOR PLAINTIFF PODHURST ORSECK P.A.'S CLAIM

BEFORE THE COURT is Defendant The Ministry of Defense of the Republic of Venezuela's ("Ministry") Motion [410] to Dismiss Intervenor Plaintiff Podhurst Orseck P.A.'s Claim.   Intervenor Plaintiff Podhurst Orseck P.A. has not filed a response, and the time for doing so has passed.  Because the Court finds that Intervenor Plaintiff Podhurst Orseck P.A. has not prosecuted its claims against the Ministry and has ignored numerous Court orders, the Ministry's Motion [410] to Dismiss should be granted, and Intervenor Plaintiff Podhurst Orseck P.A.'s claim should be dismissed.

1

I. BACKGROUND

A.   The parties' contract

On November 19, 2003, the Ministry signed a retention agreement with

Scruggs Law Firm ("Scruggs") and Intervenor Plaintiff Podhurst Orseck P.A.

("Podhurst Orseck"), to represent it in the present dispute between the Ministry and

Plaintiff Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc.,

now known as Huntington Ingalls Incorporated ("Huntington Ingalls").  Def. Ex. B

[93-2].

The firms engaged in settlement negotiations with Huntington Ingalls.  Mem.

in Supp. [411] at 2.  Huntington Ingalls and Scruggs represented to the Court that

the parties had settled the case, leading to the entry of an Order [65] on October 5,

2005, which dismissed Huntington Ingalls's claims with prejudice and retained

jurisdiction to enforce the settlement.  Order Dismissing Case [65]; Am. Order of

Dismissal [66].  The Ministry then filed a Motion [68] to Vacate Orders [65, 66] on

the basis that Scruggs did not have the authority to reach a settlement.  Mot. to

Vacate [68] at 3.

The Scruggs attorneys then sought Leave to Withdraw as Counsel and

Intervene as Plaintiffs, arguing that they were authorized to settle on behalf of the

Ministry and should be awarded $20,000,000.00 in damages.  Mot. to Withdraw and

Intervene [79].  Podhurst Orseck subsequently sought Leave to Withdraw as

Counsel and filed a joinder to Scruggs' Motion to Intervene.  Mot. to Intervene [91]

at 1. The Court granted the Motion to Intervene on January 25, 2006, and both Scruggs and Podhurst Orseck proceeded as Intervenor Plaintiffs. Order [95] at 7.

The Court ultimately denied the Ministry's Motion to Vacate, finding that Scruggs and Podhurst Orseck were authorized to settle and noting that they should be paid a fee in accordance with the retention agreement. Opinion [116] at 10. Scruggs and Podhurst Orseck then sought entry of final judgment, Mot. for Entry of J. [122], which was denied when the Ministry appealed this Court's Order [117] to the United States Court of Appeals for the Fifth Circuit, Order [147]; *see* Notice of Appeal [127]. The Fifth Circuit vacated the purported settlement agreement and remanded to this Court. USCA J. [153] at 1; USCA Opinion [154] at 19.

In the eleven years following remand from the Fifth Circuit, Podhurst Orseck has filed nothing in this case in support of its claim. It has not responded to the Court's twenty-seven orders requesting status reports from the parties since 2012, nor has it participated in telephone conferences held on July 8, 2019, and April 7, 2020. *See* Text Only Order, July 24, 2012 (status report); Text Only Order, Oct. 13, 2012 (status report); Text Only Order, Feb. 5, 2013 (status report); Text Only Order, Mar. 20, 2014 (status report); Text Only Order, Aug. 18, 2014 (status report); Text Only Order, Feb. 27, 2015 (status report); Text Only Order, May 11, 2015 (status report); Text Only Order, Aug. 21, 2015 (status report); Text Only Order, Oct. 16, 2015 (status report); Text Only Order, Jan. 14, 2016 (status report); Text Only Order, April 18, 2016 (status report); Text Only Order, Aug. 1, 2016 (status report); Text Only Order, Nov. 1, 2016 (status report); Text Only Order, Jan. 20, 2017

(status report); Text Only Order, April 14, 2017 (status report); Text Only Order,
July 17, 2017 (status report); Text Only Order, Aug. 28, 2017 (status report); Text
Only Order, Oct. 2, 2017 (status report); Text Only Order, Dec. 27, 2017 (status
report); Text Only Order, Feb. 19, 2018 (status report); Text Only Order, March 6,
2018 (status report); Text Only Order, May 2, 2018 (status report); Text Only Order,
July 10, 2018 (status report); Text Only Order, Sep. 11, 2018 (status report); Text
Only Order, Dec. 10, 2018 (status report); Text Only Order, Feb. 27, 2019 (status
report); Text Only Order, April 2, 2019 (status report); Min. Entry, July 8, 2019
(telephone conference); Min. Entry, April 7, 2020 (telephone conference).  Indeed,
Podhurst Orseck has never even filed its own intervenor complaint, instead merely
relying on Scruggs' Intervenor Complaint which the Court has dismissed.  *See*
Agreed Order of Dismissal [408].

The Ministry has now filed the instant Motion [410] to Dismiss Podhurst
Orseck's claim based upon its failure to prosecute and failure to comply with this
Court's Orders.  Mot. to Dismiss [410].  Podhurst Orseck has not responded, and the
time for doing so has passed.

## II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to
prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil
Procedure and under the Court's inherent authority to dismiss the action *sua
sponte*.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).  The Court must be able
to clear its calendar of cases that remain dormant because of the inaction or

4

dilatoriness of the parties seeking relief, to achieve the orderly and expeditious

disposition of cases.  *Id.*  Such a "sanction is necessary in order to prevent undue

delays in the disposition of pending cases and to avoid congestion in the calendars of

the District Courts."  *Id.* at 629-30.  Dismissal is especially warranted when a "clear

record of delay or contumacious conduct by plaintiff exists."  *Johnson v. State Farm*

*Mut. Auto. Ins. Co.*, No. 3:14-CV-926-HTW-LRA, 2016 WL 7976117, at *1 (S.D.

Miss. Sept. 13, 2016), report and recommendation adopted sub nom. *Johnson v.*

*State Farm Mut. Auto. Ins. Co.*, No. 3:14CV926 HTW-LRA, 2016 WL 7976124 (S.D.

Miss. Sept. 30, 2016) (quoting *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1113 (5th Cir.

1986)).

Here, there has been a clear record of delay and contumacious conduct by

Podhurst Orseck.  Podhurst Orseck has made no contact with the Court and taken

no action in the case for eleven years, although it has been ordered to file twenty-

seven status reports and participate in two telephone conferences.  This

demonstrates a clear record of delay and contumacious conduct warranting

dismissal of Podhurst Orseck's claim, which the Court will dismiss without

prejudice.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant The

Ministry of Defense of the Republic of Venezuela's Motion [410] to Dismiss is

**GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Intervenor Plaintiff Podhurst Orseck, P.A.'s claim against The Ministry of Defense of the Republic of Venezuela is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED,** this the 21st day of May, 2020.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE