IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **NORTHROP GRUMMAN SHIP SYSTEMS, INC.**, formerly known as Ingalls Shipbuilding, Inc. | **PLAINTIFF** |
| v. | Civil No. 1:02cv785-HSO-RHW |
| THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA | **DEFENDANT** |
| THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA | **COUNTER-CLAIMANT** |
| v. | |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC. | **COUNTER-DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S REQUEST [409] FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 58(d), AND DENYING AS MOOT PLAINTIFF'S ALTERNATIVE MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b)**

BEFORE THE COURT is Plaintiff Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated's ("Huntington Ingalls") Request [409] for Entry of Final Judgment Pursuant to Rule 58(d) and Alternative Motion Pursuant to Rule 54(b). The Court finds that Huntington Ingalls's Request [409] for Entry of Final Judgment Pursuant to Rule 58(d) should be granted, and that its alternative Motion for Entry of Final Judgment Pursuant to Rule 54(b) should be denied as moot.

1

## I. BACKGROUND

On March 31, 2020, the Court entered a Memorandum Opinion and Order [406] Granting Plaintiff's Motion [391] for Recognition and Execution of Arbitration Award. Order [406]. That Order [406] sets forth a more complete recitation of the factual and procedural background of this case, which the Court incorporates by reference here. *Id.* at 2-9. The Order awarded the net amount of the Arbitration Tribunal's February 19, 2018, Award to Huntington Ingalls, along with post-award interest, post-judgment interest, and costs and fees. *Id.* at 16. At the time the Order [406] was entered, the claims of the Intervenor Plaintiffs as well as certain non-arbitrable claims between Huntington Ingalls and Defendant The Ministry of Defense of the Republic of Venezuela ("Ministry") remained pending.

Intervenor Plaintiffs Sidney A. Backstrom, Scruggs Law Firm, P.A., Richard F. Scruggs, and Zach Scruggs then submitted an Agreed Order [408] of Dismissal Without Prejudice as to their claims on April 10, 2020, Agreed Order [408], following which The Ministry filed a Motion [410] to Dismiss the claims of the final Intervenor Plaintiff Podhurst Orseck, P.A., Mot. to Dismiss [410]. The Court granted The Ministry's Motion on May 21, 2020, and dismissed Intervenor Plaintiff Podhurst Orseck, P.A.'s claims without prejudice. Order [423]. Only Huntington Ingalls and The Ministry remain as parties to this case, and the only pending claims are those which were not subject to arbitration.

Huntington Ingalls filed the present Request [409] on April 13, 2020, asking the Court to enter a final judgment as to the claims between it and The Ministry.

Request for Entry [409] at 2-3.  Huntington Ingalls contends that it is entitled to entry of a Final Judgment in the amount of $137,977,646.43, inclusive of post-Award interest through the date of this Court's March 31, 2020, Order [406], plus costs and fees and post-judgment interest pursuant to 28 U.S.C. § 1961 accruing from date of this Court's March 31, 2020, Order [406].  *Id.* at 1-2.

The Ministry does not dispute Huntington Ingalls's calculation of the amount of the award, but maintains that the Court should not enter final judgment without: (1) crediting The Ministry for amounts it claims Huntington Ingalls has already received; and (2) expressly dismissing the claims not subject to arbitration, namely Huntington Ingalls's claims for a maritime lien and for injunctive relief.  Resp. [412] at 1, 6.  Huntington Ingalls replies that The Ministry's assertion that there should be a credit to the judgment is untimely, or in the alternative that any dispute about credits should occur once the final judgment is entered.  Reply [414] at 3-4.  Huntington Ingalls also denies that The Ministry is entitled to a credit in this case.  *Id.* at 5.  Finally, Huntington Ingalls agrees to the dismissal of its pending non-arbitrable claims.  *Id.* at 7.

## II. DISCUSSION

Federal Rule of Civil Procedure 58 requires the Court to enter a separate document for every judgment, subject to certain exceptions.  Fed. R. Civ. P. 58(a).  A party can request that the Court enter a separate judgment under subsection (d).  Fed. R. Civ. P. 58(d).  Here, Huntington Ingalls seeks entry of a separate judgment based upon the Court's earlier Memorandum Opinion and Order [406], which it

3

asserts settled all of the claims between it and The Ministry.  Request for Entry [409] at 2-3.  The Ministry "does not oppose the method of calculation proposed by Huntington Ingalls," but contends that a final judgment should not be entered until the award amount is offset by certain monies that Crystallex International Corporation ("Crystallex") purportedly paid to Huntington Ingalls on behalf of The Ministry under the terms of two settlement agreements: One between Huntington Ingalls and Crystallex, and the other between Crystallex and The Ministry.  Resp. [412] at 4-6; *see Crystallex Int'l Corp. v. The Bank of New York Mellon*, No. 17-cv-07024-VSB (S.D.N.Y. Sep. 14, 2017).  The Ministry also maintains that final judgment should not be entered until the remaining claims between the parties are resolved.  *Id.* at 1.  Huntington Ingalls has agreed to the dismissal of its remaining pending claims for a maritime lien and for injunctive relief.  Reply [414] at 7.

Because the parties agree to the dismissal of Huntington Ingalls's remaining claims for a maritime lien and for injunctive relief, these claims should be dismissed without prejudice.  With the dismissal of these non-arbitrable claims, and because all remaining parties have been dismissed, there are no further pending matters to be resolved in this action, and the Court finds that entry of a separate final judgment is now appropriate.  *See* Fed. R. Civ. P. 58.  The only question is whether this judgment should reflect any amount Crystallex has already paid Huntington Ingalls, which The Ministry claims should be credited against any judgment awarded Huntington Ingalls.

In *Meek v. Howard, Weil, Labouisse, Friedrichs, Inc.*, No. 3:93CV127-B-D, 1996 WL 33370675 (N.D. Miss. Apr. 19, 1996), the plaintiffs sought judgment against a defendant who did not deny liability and who agreed to the calculation of the judgment. *Id.* at *2. The defendant asserted only that he should be credited for amounts he and others had already paid in restitution to the plaintiffs, a fact which the plaintiffs conceded. *Id.* The court concluded that the plaintiffs were entitled to judgment in the full amount, but that "any amounts the [plaintiffs] have received or may receive in the future, as a result of any claim arising out of the factual allegations asserted herein and from any source whatsoever, should be credited against the judgment entered herewith." *Id.*

The Court finds this reasoning persuasive and that the same logic should apply here. The Ministry does not dispute Huntington Ingalls's calculation of the award, only that it is entitled to some amount of credit for amounts Crystallex paid Huntington Ingalls. Resp. [412] at 1. In the Court's view, this does not change the fact that Huntington Ingalls is entitled a separate final judgment in the full amount of the award. *See Meek*, 1996 WL 33370675 at *2.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc.'s Request [409] for Entry of Final Judgment Pursuant to Rule 58(d) is **GRANTED**, and its Motion in the Alternative Pursuant to Rule 54(b) is **DENIED AS MOOT**. The Court will enter a separate final judgment in accordance with Federal Rule of Civil

5

Procedure 58 and this Court's March 31, 2020, Memorandum Opinion and Order [406] Granting Plaintiff's Motion for Recognition and Execution of Arbitration Award.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc.'s claims for a maritime lien and for injunctive relief are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED,** this the 4th day of June, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE