IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., f/k/a INGALLS SHIPBUILDING, INC., <br><br> Plaintiff, <br><br> SIDNEY A. BACKSTROM, et al. <br><br> Intervenor Plaintiffs <br><br> v. <br><br> THE MINISTRY OF DEFENSE OF THE BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Civil Case No. 1:02-cv-00785-HSO-RHW |

**PLAINTIFF'S MOTION FOR RELIEF
PURUSANT TO 28 U.S.C. § 1610(C) AND 28 U.S.C. § 1963**

Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Plaintiff" or "Huntington Ingalls"), by and through the undersigned counsel, respectfully submits its Motion for Relief Pursuant to 28 U.S.C. § 1610(c) and 28 U.S.C. §1963 as follows:

1.      Huntington Ingalls moves for an order pursuant to 28 U.S.C. § 1610(c), determining that a reasonable period of time has elapsed since this Court's June 4, 2020, Final Judgment, *see* ECF No. 425, such that Huntington Ingalls may seek to attach Venezuelan assets to aid in the execution of the Court's judgment (the "Judgment"). Section 1610(c) of the Foreign Sovereign Immunities Act ("FSIA") provides that, when a judgment has been entered against a foreign state, no attachment of that state's property in the United States in execution of the judgment may occur until "the court has . . . determined that a reasonable period of time has elapsed following the entry

1

of judgment . . . ." 28 U.S.C. § 1610(c).  A "reasonable" period of time has passed in this case and the Venezuela has failed to show any effort or intention of paying Huntington Ingalls pursuant to this Court's judgment and the underlying arbitration award (the "Award").

2. Huntington Ingalls further moves for an order pursuant to 28 U.S.C. § 1963 permitting, for good cause, Huntington Ingalls to register the Court's Judgment in other judicial districts of the United States, and specifically in the District of Delaware.  Section 1963 provides that a "judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963.  Huntington Ingalls has not identified any assets in this district belonging to Venezuela against which it will be possible to execute the Judgment.  It has, however, identified such assets in the District of Delaware.  Indeed, multiple judgment and award creditors of Venezuela's are already seeking to execute against those same Delaware assets.  Good cause therefore exists for this Court to grant Huntington Ingalls permission to register the Judgment in the District of Delaware.

3. In further support of this motion is the attached Declaration of Alexander A. Yanos – 5th Declaration.

Further reasons for granting the relief sought are discussed in detail in Huntington Ingalls' supporting Memorandum of Law.

Dated: June 23, 2020                                              Respectfully submitted,

/s/Richard P. Salloum
Richard P. Salloum
**FRANKE & SALLOUM, PLLC**
P. O. Drawer 460
10071 Lorraine Road (39503)
Gulfport, MS 39502

Tel: 228-868-7070
Fax: 228-868-7090
rps@frslaw.com

Alexander Yanos (*pro hac vice*)
Carlos Ramos-Mrosovsky (*pro hac vice*)
Rajat Rana (*pro hac vice*)
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444
alex.yanos@alston.com
carlos.ramos-mrosovsky@alston.com
rajat.rana@alston.com

Kenneth A. O'Brien (*pro hac vice*)
**SHEPPARD, MULLIN, RICHTER & HAMPTON**
333 South Hope St., 43rd Floor
Los Angeles, CA 90071
213-617-5402
Fax: 213-443-2805
kaobrien@smrh.com

*Counsel for Plaintiff Huntington Ingalls Incorporated*