IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., f/k/a INGALLS SHIPBUILDING, INC., | |
| Plaintiff, | |
| SIDNEY A. BACKSTROM, et al. | |
| Intervenor Plaintiffs | Civil Case No. 1:02-cv-00785-HSO-RHW |
| v. | |
| THE MINISTRY OF DEFENSE OF THE BOLIVARIAN REPUBLIC OF VENEZUELA, | |
| Defendant. | |

**REBUTTAL IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Northrop Grumman Ship Systems, Inc., formerly known as Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Plaintiff" or "Huntington Ingalls"), by and through the undersigned counsel, respectfully submits this Rebuttal in Support of its Motion for Attorneys' Fees, ECF No. 426.

**BACKGROUND**

The Opposition to Plaintiff's Motion for Attorneys' Fees ("Response") submitted by the Ministry of Defense of the Bolivarian Republic of Venezuela (the "Ministry" or "Venezuela") does not question the reasonableness of Huntington Ingalls' fees or the method of their calculation. Instead, Venezuela simply denies that Huntington Ingalls has a right to fees at all, effectively ignoring the fact that this Court has already decided that Huntington Ingalls is entitled to recover its reasonable attorneys' fees. *See* ECF No. 406. Venezuela's challenge to this Court's Order is

1

misguided and, since Venezuela has not challenged the fees submitted by Huntington Ingalls, Huntington Ingalls' application should be granted in toto.

## ARGUMENT

**I.     The Court Did Not Err In Awarding Huntington Ingalls Its Reasonable Attorneys' Fees.**

Venezuela contends that this Court erred in awarding Huntington Ingalls attorneys' fees because the Court cited no statutory or contractual basis for such an award. In so arguing, Venezuela ignores the fact that it is well settled that courts presiding over arbitration award confirmation proceedings have the "inherent power to assess attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Swiss Inst. of Bioinformatics v. Glob. Initiative On Sharing All Influenza Data*, 49 F. Supp. 3d 92, 98 (D.D.C. 2014) (quotation marks omitted) (addressing the recovery of fees under the New York Convention).[1] When interpreting this standard, courts have further held "that a party seeking to confirm a foreign arbitral award . . . may recover reasonable attorneys' fees and costs, at least where the respondent unjustifiably refused to abide by the arbitral award." *Id.*; *see also Bell Prod. Eng'rs Asso. v. Bell Helicopter Textron, Div. of Textron, Inc.*, 688 F.2d 997, 999 (5th Cir. 1982) ("[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded"); *Concesionaria Dominicana De Autopistas Y Carreteras, S.A. v.*

---

[1] Cases addressing the New York Convention may be referenced when analyzing the Panama Convention as the two Conventions "are largely similar, and so precedents under one are generally applicable to the other." *Corporacion Mexicana de Mantenimiento Integral, S. de R.L. de C.V. v. Pemex-Exploracion y Produccion*, 962 F. Supp. 2d 642, 653 (S.D.N.Y. 2013), *aff'd*, 832 F.3d 92 (2d Cir. 2016) (citing *Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc.*, 23 F.3d 41, 45 (2d Cir. 1994); *see also*, *EGI-VSR, LLC v. Mitjans*, No. 15-20098-Civ-Scola, 2018 U.S. Dist. LEXIS 92714, at *4 n.1 (S.D. Fla. May 31, 2018) ("With respect to enforcement matters and interpretation, the New York Convention . . . and the Panama Convention are substantially identical. Thus the case law interpreting provisions of the New York Convention are largely applicable to the Panama Convention and vice versa.").

*Dominican State*, 926 F. Supp. 2d 1, 2 (D.D.C. 2013) ("'[A]n unjustified refusal to abide by an arbitrator's award,' moreover, 'may equate an act taken in bad faith, vexatiously or for oppressive reasons.'"); *Ministry of Def. & Support v. Cubic Def. Sys.*, 665 F.3d 1091, 1104 (9th Cir. 2011) (same). Other courts have awarded fees simply because they found the opposition to confirmation to be "weak." *Ministry of Def. & Support v. Cubic Def. Sys.*, No. 98-CV-1165-B (DHB), 2013 U.S. Dist. LEXIS 1625, at *17 (S.D. Cal. Jan. 3, 2013). These are precisely the bases upon which this Court awarded fees here.

As the Court found, "[t]he record is clear that Huntington Ingalls and the Ministry initially agreed upon arbitration in Washington, D.C., and the Ministry later repudiated this agreement" and there was "*no evidence*" that the Tribunal's decision to change the legal seat of the arbitration constituted the "'extraordinary circumstance' where the Court should 'reconsider an arbitrator's findings.'" ECF No. 406 at 15 (emphasis added) (quoting *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 288 (5th Cir. 2004)). Venezuela's repetitive delay tactics and desultory arguments against enforcement are precisely the kind that justify an award of fees under the very standard Venezuela quotes in its opposition to Plaintiffs' Motion for Attorneys' Fees. *See* ECF No. 432 at 3 (stating courts may award fees in "cases of fraudulent, groundless, oppressive, or vexatious conduct.") (quoting *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1004 (5th Cir. 1995)).

As a result, this Court did not err in ordering that Venezuela pay the reasonable attorneys' fees incurred by Huntington Ingalls in connection with the enforcement of the award in this Court.

**II.     Venezuela Does Not Challenge The Reasonableness Of The Fees Incurred By Huntington Ingalls.**

In its four paragraphs of analysis Venezuela does not once challenge the reasonableness of Huntington Ingalls' requested fees. Attorneys' rates are presumed reasonable when not contested.

*See Islamic Ctr. v. Starkville*, 876 F.2d 465, 469 (5th Cir. 1989) ("When that rate is not contested, it is *prima facie* reasonable."); *Cox v. City of Jackson*, No. 3:94-cv-623WS, 2005 U.S. Dist. LEXIS 48430, at *19 (S.D. Miss. Mar. 31, 2005); *Lewallen v. City of Beaumont*, No. 1:05-CV-733-TH, 2009 U.S. Dist. LEXIS 62503, at *33 (E.D. Tex. July 20, 2009) (same); *Black Heritage Soc'y v. City of Hous.*, No. H-07-0052, 2008 U.S. Dist. LEXIS 53598, at *22 (S.D. Tex. July 11, 2008) (same). As such, the Court should find the amount and calculation of Huntington Ingalls' application for fees as reasonable.

## CONCLUSION

For all these reasons, as well as those enumerated in its Memorandum in Support of Plaintiff's Motion for Attorneys' Fees, ECF No. 427, Huntington Ingalls respectfully requests that the Court enter an Order awarding Plaintiff $187,460.20 in attorneys' fees.

Dated:  July 8, 2020         Respectfully submitted,
        Gulfport, MS

/s/ Richard P. Salloum
Richard P. Salloum
**FRANKE & SALLOUM, PLLC**
P. O. Drawer 460
10071 Lorraine Road (39503)
Gulfport, MS 39502
228/868-7070
Fax: 22868-7090
rps@frslaw.com

Alexander Yanos (*pro hac vice*)
Carlos Ramos-Mrosovsky (*pro hac vice*)
Rajat Rana (*pro hac vice*)
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400
Fax: 212-210-9444
alex.yanos@alston.com
carlos.ramos-mrosovsky@alston.com
rajat.rana@alston.com

Kenneth A. O'Brien (*pro hac vice*)
**SHEPPARD, MULLIN, RICHTER & HAMPTON**
333 South Hope St., 43rd Floor
Los Angeles, CA 90071
213-617-5402
Fax: 213-443-2805
kaobrien@smrh.com

*Counsel for Plaintiff Huntington Ingalls Incorporated*

5