IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **NORTHROP GRUMMAN SHIP SYSTEMS, INC.,** formerly known as Ingalls Shipbuilding, Inc. | **PLAINTIFF** |
| v. | Civil No. 1:02cv785-HSO-RHW |
| **THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA** | **DEFENDANT** |

### ORDER DENYING PLAINTIFF'S MOTION [426] FOR ATTORNEY'S FEES AND DENYING AS MOOT DEFENDANT'S MOTION [437] FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)

BEFORE THE COURT are Plaintiff Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated's ("Huntington Ingalls" or "Plaintiff") Motion [426] for Attorney's Fees and Defendant The Ministry of Defense of the Republic of Venezuela's ("Ministry" or "Defendant") Motion [437] for Relief Pursuant to Federal Rule of Civil Procedure 60(b).  The Court finds that Huntington Ingalls's Motion [426] for Attorney's Fees should be denied, and that this renders the Ministry's Motion [437] for Relief Pursuant to Federal Rule of Civil Procedure 60(b) moot.

I. BACKGROUND

On March 31, 2020, the Court issued a Memorandum Opinion and Order [406] recognizing and enforcing an arbitration award against the Ministry and awarding Huntington Ingalls the net amount of the Tribunal's award, post-award interest, post-judgment interest, and "costs and fees."  Mem. Opinion [406].  On

1

June 4, 2020, the Court entered a Final Judgment [425] in this case in favor of Huntington Ingalls against the Ministry in the amount of "$137,977,646.43 . . . plus costs and fees." J. [425]. The Court made no specific finding in either the Memorandum Opinion and Order [406] or the Final Judgment [426] that it was awarding attorney's fees.

Huntington Ingalls now seeks an award of $187,460.20 in attorney's fees. Pl. Mot. [426]. The Ministry has filed a Response [432] in Opposition which does not challenge the attorney's fees calculation, but argues that there is no statutory or contractual basis for awarding attorney's fees in this case. Def. Resp. [432] at 2. In its Rebuttal [435], Huntington Ingalls argues that it is entitled to attorney's fees because the Ministry "unjustifiably refused to abide by the arbitral award." Pl. Rebuttal [435] at 2-3.

The Ministry has filed a Motion [437] seeking relief from the Court's judgment pursuant to Rule 60(b). The Ministry contends that relief from Final Judgment is warranted due to the "obvious error of law" in awarding attorney's fees when no statutory or contractual basis existed for doing so. Def. Mem. [438] at 4. Huntington Ingalls responds that the Ministry's Rule 60(b) motion was not filed within a "reasonable time" and that the Court did not make any obvious errors in law. Pl. Resp. [440] at 2-4. The Ministry counters that it promptly moved to correct the Final Judgment following the filing of Huntington Ingalls's Motion for Attorney's Fees, and maintains that an award of attorney's fees would constitute an obvious error of law. Def. Reply [442] at 1, 5.

2

## II. DISCUSSION

When courts consider a motion for attorney's fees, the "basic point of reference" is "the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 683 (1983)). The parties do not dispute that there is no contractual or statutory basis for a fee award in this case. *See* Def. Resp. [432] at 2-3; Pl. Rebuttal [435] at 2. Rather, Huntington Ingalls argues that an award of attorney's fees is appropriate under the Court's "inherent power to assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Def. Rebuttal [435] at 2-3 (quoting *Swiss Inst. of Bioinformatics v. Glob. Initiative on Sharing All Influenza Data*, 49 F. Supp. 3d 92, 98 (D.D.C. 2014)).

The record is clear that the Court has not made any findings that the Ministry "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *See* Mem. Opinion [406]. Further, this does not seem to be the kind of extraordinary situation warranting a departure from the general rule. For these reasons, Plaintiff's Motion for Attorney's Fees should be denied.

Because the Court has found that attorney's fees are not warranted in this case, the Ministry's Motion [437] for relief pursuant to Rule 60(b) from the award of attorney's fees should be denied as moot. The Court did not specifically award

attorney's fees to Huntington Ingalls, so no relief from the Final Judgment is necessary.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated's Motion [426] for Attorney's Fees is **DENIED**, and Defendant The Ministry of Defense of the Republic of Venezuela's Motion [437] for Relief Pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED,** this the 4th day of August, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE